*rec'd 5/24*



# STATE OF TENNESSEE
## DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TN 37243-1131

May 17, 2010

Farmers Insurance Exchange
Austin Service Point, Po Box 149044
Austin, TX 78714-9044
NAIC # 21652

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7009 2820 0003 2646 9239
Cashier # 3116

Re: Robert Partee   V.   Farmers Insurance Exchange

Docket # Ct-002091-10

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Document was served on me on May 11, 2010 by Robert Partee pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Shelby County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Shelby County
    140 Adams Street, Rm 324
    Memphis, Tn 38103

Service of Process 615.532.5260

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-002091-10

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

| Plaintiff(s) | Defendant(s) |
|---|---|
| Robert Partee | Farmer's Insurance Group |

VS

**TO: (Name and Address of Defendant (One defendant per summons))**

Farmer's Insurance Group
C/o Dept. of Commerce and Insurance
500 James Robertson Parkway
Nashville, Tennessee 37243

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☒ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on DARRELL J. O'NEAL Plaintiff's attorney, whose address is 2129 WINCHESTER ROAD, MPHS, TN 38116, telephone (901) 345-8009 within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE _____ Clerk

TESTED AND ISSUED April 23 2010 By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this 4/23/10

_____ Clerk

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____     By: _____
Signature of person accepting service                          Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process

Docket No: CT-002091-10

IN THE (CIRCUIT/CHANCERY) COURT OF TENNESSEE FOR THE THIRTIETH JUDICIAL DISCTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

Robert Partee
Plaintiff

vs

Farmer's Insurance Group
Defendant

Darrell J. O'Neal (BPR#20921)
Attorney for Plaintiff/Pro Se

901-345-8009
Telephone Number

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-002091-10

☒ Lawsuit
☐ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Robert Partee | VS | Farmer's Insurance Group |

**TO: (Name and Address of Defendant (One defendant per summons))**

Farmer's Insurance Group
C/o Dept. of Commerce and Insurance
500 James Robertson Parkway
Nashville, Tennessee 37243

**Method of Service:**
☐ Certified Mail
☐ Shelby County Sheriff
☒ Commissioner of Insurance ($)
☐ Secretary of State ($)
☐ Other TN County Sheriff ($)
☐ Private Process Server
☐ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on   DARRELL J. O'NEAL   Plaintiff's attorney, whose address is   2129 WINCHESTER ROAD, MPHS, TN 38116  , telephone   (901) 345-8009   within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE   Clerk

TESTED AND ISSUED   April 23 2010   By _____, D.C.

**TO THE DEFENDANT:**

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 379-7895

I, JIMMY MOORE, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

4/23/10

_____ Clerk

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____                By: _____
Signature of person accepting service                                                Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                                                  By: _____
                                                                                     Sheriff or other authorized person to serve process

Docket No: CT-002091-10

IN THE
(CIRCUIT/CHANCERY) COURT
OF TENNESSEE
FOR THE
THIRTIETH JUDICIAL
DISCTRICT AT MEMPHIS

SUMMONS IN A CIVIL ACTION

Robert Partee
Plaintiff

vs

Farmer's Insurance Group
Defendant

Darrell J. O'Neal (BPR#20921)
Attorney for Plaintiff/Pro Se

901-345-8009
Telephone Number

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| ROBERT PARTEE and his wife<br>GLENDA PARTEE<br><br>Plaintiff,<br><br>vs.<br><br><br>FARMERS INSURANCE GROUP<br><br>Defendant. | Docket No.: CT-002091-10<br>Div. VI |

FILED APR 23 2010 CIRCUIT COURT CLERK BY _____ D.C.

I, JIMMY MOORE, Clerk of the Circuit Court, Shelby County Tennessee certify this to be a true and accurate copy as filed this 4/23/10.
JIMMY MOORE, Clerk
By _____ D.C.

## COMPLAINT

COMES NOW, your Plaintiffs, Robert Partee and his wife Glenda Partee, resident citizens of Memphis, Shelby County, Tennessee, for this cause of action against the Defendant Farmer's Insurance would respectfully state as follows:

### FACTS

On September 9, 2009 at the hour of 2am, the Plaintiff Robert Partee and his wife Glenda Partee were the owners of the property at 1642 Michigan Street, Memphis, TN 38106. The plaintiffs' property is located in Memphis, Tennessee.

1. On or about September 9, 2009, the Plaintiff was notified of a fire at the above reference address of above origin.

2. The Plaintiffs owned this property as rental property and would place in tenants in the above referenced property.

1

3. Whenever a tenant would leave the premises of 1642 Michigan Street, Memphis, TN, the Plaintiffs would enlist the services of someone to stay in the property.

4. Prior to September 9, 2009, Plaintiffs had enlisted the services of Steve to stay in his property.

5. On or about September 9, 2009, Plaintiffs were notified that the property had caught on fire. The Fire Department responded and brought the fire under control and extinguished it.

6. It was determined by the Memphis Fire Department report on September 09, 2009 that the fire was unintentional.

7. At all times the property was insured by Farmer's Insurance Company. The Plaintiffs notified Farmer's Insurance Company and informed them about the fire damaged.

8. The matter was assigned to James Cobb (Claims Dept) for Farmer's Insurance and assigned claims number 1014680115-1-1 for the incident on September 09, 2009.

9. The Plaintiffs was informed that the claims were being investigated and that they would be expected to cooperate fully with the investigation.

10. The Plaintiffs were first denied their claim by Farmer's Insurance Company because vandalism is not a cause covered under their policy.

11. The Plaintiffs were informed on December 15, 2009 by Field Claim Supervisor Lisa Warner that their claim would be re-investigated because Farmer's Insurance needed additional information relevant to the facts of the claim.

12. The Plaintiffs cooperated with Defendant, Farmer's Insurance Company in their re-investigation.

13. The Plaintiffs were notified through their Field Claims Representative, Mr. James Cobb that their claim had been denied once again because the investigation revealed that the fire was intentionally set, denoting vandalism; Vandalism is included in losses not insured.

14. As a direct and proximate result of Farmer's Insurance's conduct and disregard of its obligations under the policy of insurance, the Plaintiffs suffered damages in the loss of their rental property and are unable to make a living as a landlord.

15. Furthermore, intentional emotional distress forced Plaintiffs to find other means of employment.

### I.   (Violation of the Tennessee Consumer Protection Act)

16. All previous allegations are incorporated here as if the same were here set forth and re-alleged in their entirety.

17. Defendant violated the Tennessee Consumer Protection Act (T.C.A. 47-18-101) in that its misrepresentation and fraud are deceptive in such a way as to evidence a common design to achieve an unlawful objective of depriving the Plaintiffs of their insurance coverage.

18. In furtherance of its common design to deceive the Plaintiffs, Defendant represented to the Plaintiffs that as long as they paid her insurance premiums they would have insurance coverage accidental fires.

19. Also in furtherance of its common design, Defendant traditionally deny parties claims for fire damage in an attempt to deprive its purchasers from having insurance coverage that has been paid for by the insured people such as the Plaintiffs.

3

20. As a direct and proximate result of the Defendant's deceptive acts and common design, the Plaintiffs were deprived of insurance coverage, and deprived of an opportunity to receive what they had bargained with the Defendant.

***WHEREFORE***, Plaintiffs demand judgment in their favor and against the Defendant, for treble damages and attorney fees pursuant to the Tennessee Consumer Protection Act and any further relief as this Court seems just and proper.

## II. BREACH OF CONTRACT

21. There was a contract;

22. The Defendant, Farmer's Insurance had knowledge of the existence of the contract;

23. The Defendant, Farmer's Insurance intended to bring about or cause its breach by ignoring the Memphis Fire Department's ruling of unintentional fire and claiming Vandalism;

24. The Defendant, Farmer's Insurance acted maliciously;

25. The contract was in fact breached when Farmer's Insurance failed to classify the fire's cause and cover damage that was covered by the above mentioned fire;

26. Defendant Farmer's Insurance actions were the legal cause of the breach;

27. Plaintiffs were ready and able to perform their part of the contract at the time of the breach; and Plaintiffs suffered damages as a result of the breach.

## III. BAD FAITH

28. A penalty may be assessed against an insurance company that fails to act in good faith by refusing to pay a claim filed against an insurance policy. The plaintiffs must be entitled to recover under the insurance policy before a penalty can be assessed.

29. An insurance company owes to its policyholders the duty to use good faith and diligence in responding to claims. Defendant, Farmer's Insurance did not use good faith if it frivolously or unjustifiably refused to comply with the policyholder's demand to pay according to the terms of the policy. If there is any reasonable ground for the insurance company's failure to pay the claim, the insurance company has acted in good faith. Negligence, which is the failure to use ordinary care, does not in itself constitute bad faith. The insurance company's negligence or lack of negligence, however, may be a factor in determining whether the insurance company failed to act in good faith.

30. If the insurance company failed to act in good faith, the plaintiffs may recover additional damages from the insurance company measured by the additional expense, loss, or injury caused by the plaintiffs by the insurance company's conduct. The additional amount cannot exceed 25% of the damages you have previously awarded to plaintiff

WHEREFORE, your Plaintiffs, Robert and Glenda Partee, pray:

1. For a judgment against the Defendant in a sum in excess of One-Hundred Thousand No/100 Dollars ($100,000.00) and costs, and demands a jury to try this action.

2. Plaintiffs Robert and Glenda Partee, be awarded Two Hundred Fifty Thousand and No/100 Dollars ($250,000.00) in punitive damages.

3. Plaintiffs Robert and Glenda Partee, be awarded attorney fees and cost.

4. Plaintiffs Robert and Glenda Partee be awarded any damage it deems they are legally entitled.

Respectfully submitted,

*[signature]*

DARRELL J. O'NEAL (BPR #20927)
Attorneys for Plaintiff
2129 Winchester Road
Memphis, TN 38116
(901) 345-8009

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

| | |
|---|---|
| ROBERT PARTEE and his wife GLENDA PARTEE        Plaintiffs, vs. FARMERS INSURANCE        Defendant. | ) ) ) ) ) ) ) Docket No.: ) ) ) ) ) ) |

## AFFIDAVIT OF ROBERT PARTEE

I, Robert Partee, being first duly sworn, make an oath in due form of law that I have read the foregoing Complaint and the facts stated herein are true, to the best of my knowledge and belief. I further state that I am justly entitled to the relief sought, to the best of my belief.

_____
ROBERT PARTEE

Sworn to Subscribed before me this 15th day of April, 2010.

_____
Notary Public

My commission expires:

My Commission Expires July 10, 2011



$06.32⁰
MAY 19 2010
02 1A
0004615966
MAILED FROM ZIPCODE 37243

FIRST CLASS

RECEIVED
MAY 24 2010
AUSP

7009 2820 0003 2646 9239    5/17/10
FARMERS INSURANCE EXCHANGE
AUSTIN SERVICE POINT, PO BOX 149044
AUSTIN, TX 78714-9044

7009 2820 0003 2646 9239



STATE OF TENNESSEE
DEPT OF COMMERCE AND INS
C/O JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243